UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FERNANDO PROMOSLOVSKY, et al. | CIVIL ACTION |
| VERSUS | NO: 22-02579 |
| UNITED PROPERTY AND CASUALTY INSURANCE CO. | SECTION: T (5) |

**ORDER**

The Court previously ordered this case be stayed and administratively closed due to the insolvency of the original defendant, United Property and Casualty Insurance Company (UPCIC), retroactive to February 27, 2023. R. Doc. 13. The Court provided in that order that any party could move to reopen the case after the statutory stay had expired. *Id.* On October 5, 2023, Plaintiffs Fernando and Natalia Promoslovsky filed a Motion to Reopen the case. R. Doc. 18. This Court granted the Motion, lifted the stay, and reopened the case. R. Doc. 19. Thereafter, Plaintiffs filed a Motion for Leave to File First Amending and Supplemental Complaint seeking to add the Louisiana Insurance Guaranty Association (LIGA) as a defendant in this action pursuant to Federal Rule of Civil Procedure 15. R. Doc. 22. Plaintiffs contend LIGA is obligated to pay covered claims existing prior to the determination of UPCIC's insolvency, or arising after such determination of UPCIC's insolvency, pursuant to governing law, including but not limited to La. R.S. § 2:2051 *et seq.*, La. R.S. § 22:2008(C), and other agreements. *Id.* Plaintiffs also seek to remove claims that no longer apply to the party being added as a defendant in this matter, LIGA, and pray that the Court remand the matter to state court now that complete diversity jurisdiction no longer exists. *Id.*

1

Plaintiffs are correct that LIGA became the statutory obligor for their policy issued by UPCIC upon the determination of UPCIC's insolvency. *See* La. R.S. § 22:2058(A). ("[LIGA] shall . . . [b]e obligated to pay covered claims pursuant to [a court order], existing prior to the determination of the insurer's insolvency"). Additionally, LIGA has not opposed being added as a defendant in similar matters. *See, e.g., Richard v. United Property and Casualty Co.*, No. 22-1268 (E.D. La. September 8, 2023). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File First Amending and Supplemental Complaint, R. Doc. 22, is **GRANTED**, and LIGA is hereby added as a defendant to this action.

With the addition of LIGA, the Court must reexamine the basis for its subject matter jurisdiction over this dispute. In their amended Complaint, Plaintiffs assert the addition of LIGA as a defendant destroys the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The Court agrees. As the Fifth Circuit has held, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers. "*Temple Drilling Co. v. Louisiana Insurance Guaranty Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)). There is no dispute that LIGA has member insurers who are citizens of Louisiana. Therefore, having granted Plaintiffs leave to amend their complaint to add LIGA as a defendant, complete diversity no longer exists between the parties, and the Court may no longer assert diversity jurisdiction over this action.

This Court has found no other basis to continue asserting subject matter jurisdiction over this action. Thus, having determined that it now lacks subject matter jurisdiction, the Court must remand this action back to state court. *See* Fed. R. Civ. P. 12(h)(3). Accordingly,

2

**IT IS FURTHER ORDERED** that this case is hereby **REMANDED** back to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 7th day of November 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE